UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEONARDO VALDEZ-CRUZ,

                            Plaintiff,

            -against-

ANTHONY RUSSO, Deputy Supt. of Security; C.O. JOHN DOE #1; C.O. JOHN DOE #2; C.O. JOHN DOE #3,

                            Defendants.

20-CV-9240 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

      Plaintiff, currently incarcerated in Green Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that at 9:30 p.m. on July 4, 2020, another inmate cut Plaintiff in the face in the "G & H recreation yard," and that three corrections officers standing nearby failed to protect him. By order dated November 17, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

**A.**     **Defendant Russo**

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the U.S. Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Anthony Russo, Deputy Superintendent of Security, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the U.S. Marshals Service all the paperwork necessary for the U.S. Marshals Service to effect service upon this Defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Attorney General's Office to identify the three John Doe corrections officers who were present in the G & H Yard at 9:30 p.m. on July 4, 2020 on the date of the alleged incident. It is therefore ordered that the New York State Attorney General's Office, which is the attorney for and agent of the New York State Department of

Corrections and Community Supervision, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the addresses where these defendants may be served. The New York State Attorney General's Office must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is instructed to complete the USM-285 form with the address for Defendant Russo and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail a copy of this order to Plaintiff, together with an information package. An Amended Complaint form is attached to this order.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the New York State Attorney General's office at: 28 Liberty Street, 15th Floor, New York, NY 10005.

Dated:   December 1, 2020
         White Plains, New York

                                                     _____
                                                       KENNETH M. KARAS
                                                       United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. Anthony Russo, Deputy Superintendent of Security
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York, 12582