UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARDO VALDE-CRUZ,

                 Plaintiff,

      -v-

RUSSO *et al.*,

                 Defendants.

20-CV-9240 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff Leonardo Valde-Cruz ("Plaintiff"), currently incarcerated at Green Haven Correctional Facility ("Green Haven"), brings this pro se action under 42 U.S.C. § 1983, alleging that while he was incarcerated Deputy Superintendent of Security Anthony Russo and John Does 1-3 (collectively, "Defendants") violated his constitutional rights. (*See* Compl. (Dkt. No. 2).) Plaintiff seeks a declaratory judgment, compensatory damages, and punitive damages. (*Id.* at 11.)[1] By order dated November 4, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis. (Dkt. No. 4.)[2]

In a letter docketed April 6, 2021, Plaintiff requested that the Court appoint counsel on his behalf. (*See* Plaintiff's Application for Appointment of Counsel ("Application") (Dkt. No. 18).) Plaintiff alleges that due to his "enhanced incarceration status" as he is now in protective custody at Green Haven that he be appointed counsel. (*Id.* at 2.) Plaintiff set out some of the considerations in the appointment of counsel analysis but merely concludes that his case "certainly falls under each and every factor as [Plaintiff] has conflicting evidence implicating the

---

[1] Plaintiff does not use numbered paragraphs for the "Relief Requested" in his Complaint, as such the Court cites to the page number in this instance.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(1).

need for cross-examination has substance in which he has no access to the court, is indigent, and there is an interest of justice and due process issue." (*Id.* at 2–3.) However, Plaintiff offers no application of the circumstances of his case and why the Court should grant his request. For the following reasons, Plaintiff's request is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder],

2

> the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Plaintiff alleges that he was assaulted in the recreation yard at Green Haven on July 4, 2020, while multiple correctional officers stood nearby. (Compl. ¶ 13.) Plaintiff was cut in the face by another inmate and received 32 stitches as a result. (*Id.* ¶ 16.) Plaintiff also alleges that Russo, as Deputy Superintendent of Security, allowed and condoned an unconstitutional policy or custom of permitting inadequate supervision and training of correction officers. (*Id.* ¶¶ 18–19.) Plaintiff also alleges that Defendants were deliberately indifferent to his constitutional rights under the Eighth and Fourteenth Amendments to be protected from harm by other inmates. (*Id.* ¶¶ 18–33.)

Regarding the first prong of two-step inquiry outlined in *Hodge*, for the purposes of the instant request for appointment of counsel, the Court construes Plaintiff's Complaint liberally

and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement. *Johnston*, 606 F.3d at 41 (internal quotation marks omitted). Turning to the second inquiry regarding prudential factors, however, the Court finds that Plaintiff has not shown why he needs counsel.

      Here, Plaintiff does not explain whether he has sought to obtain counsel in this matter at all before asking the Court to appoint counsel, instead he only alleges it is difficult due to the conditions of his "enhanced incarceration status." (Application at 2.) However, Plaintiff has not demonstrated that he has made any effort to engage counsel, and his request should be denied on this basis alone. *See Walsh v. Buchanan*, No. 11-CV-1206, 2013 WL 145041, at *3 (D. Conn. Jan. 11, 2013) ("The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time."); *Anderson v. Romano*, No. 08-CV-559, 2009 WL 702818, at *1 (S.D.N.Y. Mar. 13, 2009) (denying the plaintiff's request for appointment of counsel because the plaintiff "ha[d] not indicated to the [c]ourt . . . that he made any effort to engage counsel prior to making the . . . application"); *Highsmith v. Gomez*, No. 98-CV-294, 2000 WL 33381018, at *3 (D. Conn. Nov. 30, 2000) ("Since [the] [p]laintiff has not demonstrated sufficient efforts to obtain counsel, his motion must be denied.").

      Putting aside Plaintiff's failure to demonstrate he has attempted to obtain counsel, Plaintiff cannot satisfy step two of the inquiry regarding prudential factors without providing the Court further information on why he needs counsel. As the Supreme Court observed in *Lewis v. Casey*, 518 U.S. 343 (1996), there is no "abstract, freestanding right to a law library or legal assistance." *Id.* at 351.

Moreover, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena*, 2013 WL 1165554, at *2. Plaintiff's claim is based on the retelling of events that happened in his presence, and "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case"). Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]. *Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999). While Plaintiff may need to cross-examine witnesses, should the case proceed to trial, "this factor, alone, is not sufficient to warrant appointing counsel." *Worthy v. City of N.Y. Parks & Recreation*, No. 10-CV-6368, 2011 WL 1044242, at *2 (S.D.N.Y. Feb. 28, 2011).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding his circumstances, if they materially change. As to Plaintiff's other

5

request regarding amending his Complaint, Plaintiff is granted thirty days from the date of this Order to amend.

The Clerk is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: April 7, 2021
      White Plains, New York

                                      KENNETH M. KARAS
                                      United States District Judge