UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARDO VALDE-CRUZ,

                         Plaintiff,

                -v-

ANTHONY RUSSO, *et al.*,

                         Defendants.

No. 20-CV-9240 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

      On March 15, 2022, the Court granted Defendants' Motion To Dismiss. (Dkt. No. 30.) The Court dismissed Plaintiff's claims without prejudice and gave Plaintiff 30 days to file an amended complaint addressing the deficiencies identified in the Opinion & Order. (*Id.*) On April 21, 2022, Plaintiff requested an extension of time by which to file an amended complaint. (Dkt. No. 31.) Four days later, the Court granted Plaintiff's request, ordering him to file an amended complaint by June 15, 2022. (Dkt. No. 32.) On June 14, Plaintiff requested yet another extension. (Dkt. No. 33.) Once again, the Court granted Plaintiff's request, ordering him to file an amended complaint by July 15, 2022. (Dkt. No. 34.) Additionally, when granting the second request, the Court ruled that "[t]here will be no more extensions." (*Id.*)

      On July 25, 2022, the Court issued an Order To Show Cause, directing Plaintiff to file an Amended Complaint or show cause as to why the case should not be dismissed for failure to state a claim by no later than August 15, 2022. (Dkt. No. 35.) Plaintiff has not filed an Amended Complaint and has not otherwise communicated with the Court since the issuance of the Order to Show Cause.

      This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be

involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id*. Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also*

2

*Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

 The Court concludes that these factors weigh in favor of dismissal of Plaintiff's case. Plaintiff was ordered to file an Amended Complaint and was instructed that a failure to do so could result in dismissal. (*See* Dkt. No. 30.) Thereafter, Plaintiff was ordered to file an amended complaint multiple times. (*See* Dkt. No. 32, 34.) Plaintiff has failed to comply with these Orders. Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Justice Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

 The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:  August 22, 2022
    White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE